ALLEN R. SEAMAN, Appellant, v. THE MAYOR, ALDERMEN
    AND COMMONALTY OF THE CITY OF NEW YORK, Respond-
    ent.

The Hudson river, opposite the city of New York, is not a highway of the
    city; and it is under no duty to remove obstructions therefrom, or to
    keep it safe for navigation.
The lessee of one of the defendant's piers, on the Hudson river, drove
    spiles in front of it, which were fastened to the pier by bolts and chains,
    two of them became loose, and fell away from the pier, their upper
    ends projecting into the river; they were wholly submerged, except at
    low tide. Plaintiff's steam tug, in passing the pier, struck the spiles
    and was injured. It did not appear that the city officials had any notice
    that the spiles had fallen away, or that they in any way obstructed the
    navigation of the river. *Held*, that an action to recover the damages
    was not maintainable against defendant; that as the city had nothing to
    do with placing the spiles, or in causing them to fall in the river, it owed
    no duty in regard to them; also, that even if it did owe any such duty,
    that duty could not arise until it had some notice.

(Argued February 5, 1880; decided February 24, 1880.)

APPEAL from judgment of the General Term of the
Supreme Court, in the first judicial department, affirming a
judgment in favor of defendant, entered upon an order
dismissing plaintiff's complaint, on trial.

The nature of the action, and the material facts, are set
forth in the opinion.

*Hamilton Odell*, for appellant. Defendant being the owner
of the pier, and in possession, was bound to see to it that it
was kept in proper condition and repair. (1 Dillon on Mun.
Corps., § 77; *Buckbee* v. *Brown*, 21 Wend., 116; *Pittsburg*
v. *Grier*, 22 Pa., 64; *Memphis* v. *Kimbrough*, 12 Heisk,
133, 138; *Petersburgh* v. *Applegarth*, 28 Gratt., 321; S. & R.
on Neg., § 585; *Morgan* v. *King*, 35 N. Y., 354.) The
defendant was bound, not only to preserve the pier in a fit
and safe condition for public use, but also to so keep it that
the navigation of the adjacent water should not be in any
way obstructed. (*Blanchard* v. *Western Union Co.*, 60

N. Y., 513; *People* v. *Vanderbilt*, 26 id., 287; *Mayor* v. *Baumberger*, 7 Robt., 219; Sher. & Redf. on Neg., § 582.) Defendant could not, by any act of its own, relieve itself of its legal duty and liability to maintain this pier. (*Storrs* v. *Utica*, 17 N. Y., 109; *Davenport* v. *Ruckman*, 37 id., 570; *City of Brooklyn* v. *Brooklyn City Co.*, 47 id., 475; *Wallace* v. *Mayor*, 2 Hilt., 451; *Detroit* v. *Corey*, 9 Mich., 165; *Nelson* v. *Vermont R. R. Co.*, 27 Vt., 717; *Blake* v. *St. Louis*, 40 Mo., 569; *Hole* v. *S. and S. Railway*, 6 H. & N., 497; *Bloomington* v. *Bay*, 42 Ill., 508; *Buffalo* v. *Holloway*, 7 N. Y., 499; *Robbins* v. *Chicago*, 4 Wall., 657; S. C., 2 Black., 418; *Lester* v. *Wabash Co.*, 14 Ill., 85; *Rochester* v. *Montgomery*, 72 N. Y., 65; 37 id., 256; id., 568; *Taylor* v. *Mayor*, 4 E. D. Smith, 559; *Clancy* v. *Byrne*, 56 N. Y., 129; *Swords* v. *Edgar*, 59 id., 28; *Nolton* v. *Western Co.*, 15 id., 445; § 23, chap. 446, Laws of 1857.) Notice to defendant was not necessary. (*Barton* v. *Syracuse*, 36 N. Y., 56; *McCarthy* v. *Syracuse*, 46 id., 197.) Notice could be implied from the facts proved. (*Harrington* v. *Boston*, 114 Mass., 241; *Belton* v. *Baxter*, 58 N. Y., 415; *Weber* v. *N. Y. Cent.*, 58 id., 455; *Blanchard* v. *N. J. Co.*, 59 id., 292; *Nims* v. *Troy*, 59 id., 507, 508; *Thurber* v. *Bridge Co.*, 60 id., 324; *Heym* v. *Blair*, 62 id., 19; *Todd* v. *Troy*, 61 id., 506.)

*A. J. Requier*, for respondent. The Hudson river is not a highway of the city, for the condition of which the defendants are responsible as they are for the streets. (*Griffin* v. *The Mayor*, 9 N. Y., 462; *Mills* v. *Brooklyn*, 32 id., 495; *Duryea* v. *The Mayor*, 4 Sup. Ct. R. [5 Thomp. & Cook], 512; *In re Ellsworth*, 53 N. Y., 647; *Wilson* v. *The Mayor*, 1 Den., 601; *Hines* v. *Lockport*, 50 N. Y., 283; *Kavanagh* v. *Brooklyn*, 38 Barb., 234; *Hume* v. *The Mayor*, 47 N. Y., 646; *Albany* v. *Cunliff*, 2 id., 173; *Griffin* v. *The Mayor*, 9 id., 462; *Weet* v. *Brockport*, 10 id., 163 note; *The People* v. *Albany*, 11 Wend., 543; *Griffin* v. *The Mayor*, 9 N. Y., 462; *Hume* v. *The Mayor*, 47 id., 646, 647.) Nothing short

of express notice can fix the liability of the corporate authori-
ties for defects or obstructions in the streets, which, being
caused by third persons, are latent.  (*Hart* v. *Brooklyn*, 36
Barb., 226; *Hume* v. *The Mayor*, 47 N. Y., 646, 647.)  As
a grantee of the right to collect wharfage, who has covenanted
to keep the pier in repair, the steamship company is liable
for all damages resulting from any failure to keep it in a safe
and proper condition.  (*Radway* v. *Briggs*, 37 N. Y., 256;
*Blake* v. *Ferris*, 5 id., 58; *Kelly* v. *The Mayor*, 11 id., 432;
*Pach* v. *Same*, 8 id., 222; *Maximilian* v. *Same*, 62 id., 163;
*Blake* v. *Ferris*, *supra; Laughter* v. *Pointer*, 5 Barn. &
Cress.,  558 ;  *Hobbitt*  v.  *London  and  N. W. R. Co.*,  4
Excheq., 257; *Quarman* v. *Burnett*, M. & W., 497; *Rapson*
v. *Cubitt*, 9 id., 709; *Milligan* v. *Wedge*, 12 Adolp. & Ellis,
737; *Allen* v. *Hayward*, 7 id. [N. S.], 960, *Wray* v. *Evans*,
Alb. Law Jour. [March 24, 1877], 236.)

EARL, J.  This action was brought to recover damages
sustained by the plaintiff in consequence of a collision of his
steam tug with some spiles in front of pier No. 46, on the
Hudson river side of New York.  The facts of the case are
substantially as follows :  The plaintiff was engaged with
his tug in the business of towing vessels in and about the
harbor of New York, and on the 2d day of September,
1864, as the tug was passing pier No. 46, at a speed of seven
or eight miles an hour, she was suddenly disabled by her
propeller coming in contact with some spiles which had
fallen away from the end of the pier, the upper ends of which
extended out into the river fifteen or twenty feet, the lower
ends remaining fast in the earth.  The tug was considerably
damaged.  The pier belonged to the city of New York;
but it had by lease granted to one Darrow the right to col-
lect wharfage for the use of the pier for the term of five
years, from May 1, 1860, he agreeing, during the term, to
keep the pier in good repair, at his own cost.  Sometime
prior to 1864, The New York Mail Steamship Company
purchased Darrow's right under his lease, and in the latter

part of the year 1863, caused some spiles to be driven in front of this pier, which were fastened to it by bolts and chains, as guards or fenders to protect the pier, as well as vessels, from damage. Two of these spiles had fallen away, as above specified. How they came to fall away, or when they fell away, does not appear. The spiles were wholly submerged in the water, except at low tide. After the injury to plaintiff's tug, the outer ends were seen to protrude from the water about two feet. It does not appear that any person, prior to the accident, had ever seen them protrude from the water, or that the city officials had any notice that the spiles had fallen away, or that they in any way obstructed navigation of the river.

Under such circumstances, I am unable to perceive any grounds for holding the city liable for the damages claimed.

These spiles were not in any street of the city; and hence the liability of the city can not be based upon the duty which it owes to keep its streets in a safe condition for use by the public.

The plaintiff was not attempting to use the pier, and hence cannot base his claim against the city as owner, on the ground that he had the right to assume that access to the pier was safe, at least from any obstruction caused by the pier itself. He was simply navigating the river, and he had no other right than any other navigator of that channel would have.

The Hudson river is a public highway for the passage of vessels. But it is not a highway of the city, and it is under no duty to remove obstructions therefrom, or to keep it safe for navigation. It would be liable to any one injured by obstructions which it should place or cause to be placed in the river, the same as an individual would be; and if there is any liability in this case, it is because the city placed these spiles, or caused or suffered them to be placed or to fall in the river where the accident happened.

There is not an atom of proof that the city ever had anything whatever to do with these spiles, or that the city was

under any duty whatever in reference to them. They were driven by the steamship company, for its purposes. It was bound to take care of them, and see that they did not fall into the river and obstruct navigation. The city was not thus bound. But even if the city owed the duty of some care as to them, that duty could not arise until it had some notice that the obstruction existed. Here there was no express notice, and there were no circumstances from which the law would imply a notice — certainly none of the circumstances from which juries have been allowed to imply notice to municipal authorities of notorious obstructions in streets: (*Todd* v. *City of Troy*, 61 N. Y., 506; *Requa* v. *City of Rochester*, 45 id., 129.)

But further : If these spiles, after they were driven, be held to have become part of the pier, so that with the pier they belonged to the city, the case would not be different. They were lawfully driven, and when standing were no obstruction to navigation. The city could not be made liable for any damage occasioned by them, without some fault on its part. No person can be made liable for damages caused by a lawful structure, without some fault : (*Losee* v. *Buchanan*, 51 N. Y., 476.) What fault was there here on the part of the city ? There is no proof that it omitted any duty in reference to the spiles. How or when they were loosened from the pier does not appear. If they were violently torn away and thrown into the river by some accident, the city could not be made liable for any damage occasioned by them, without some notice. As stated above, here there was no notice, expressed or implied.

We can see no ground for the reversal of this judgment, and it must be affirmed, with costs.

All concur.

Judgment affirmed.