GEORGE W. COONLEY, Appellant, *v.* THE CITY OF ALBANY, Respondent.

While the Hudson river is a highway for the passage of vessels, that portion of it which is embraced within the boundaries of a city is not one of its highways, so as to burden it with the duty of removing obstructions and keeping it safe for navigation.

While the state may undertake, at its own expense, to remove obstructions in, and improve the condition of navigable waters, and may impose this burden upon a city or county more immediately and beneficially interested therein than other portions of the state, in order to charge a municipality with this duty, the legislative intent so to do it must appear from the act relied upon as imposing the duty.

By various statutes in relation to the city of Albany, it is made lawful for the common council " to make by-laws and inflict reasonable penalties to enforce the same, for regulating and keeping in repair the docks and slips within the city, and to prevent the same and the river opposite thereto from being in any manner obstructed " (§ 19, chap. 153, Laws of 1801), and that body is constituted and declared commissioners of highways with power to pass ordinances, among other things, "to prevent all obstructions in the river near or opposite " the city wharves or docks. (§ 15, chap. 185, Laws of 1826.) The common council of the city passed an ordinance declaring that whenever any vessel is sunk at any dock or anywhere in the Hudson river opposite the city, it shall be the duty of the street commissioner, under the direction of the mayor, to give notice to the owner to remove it, and if the notice is not complied with, making it lawful for that officer to take possession of the vessel, remove and sell

it, etc. Plaintiff's complaint alleged in substance that he was the owner of a dock in that city; that a loaded canal boat sank at the dock, obstructing its use; that a written notice thereof was served on the mayor, who gave written directions to the street commissioner to remove it; that officer notified the owner, but declined to remove it himself, or to do anything more in the matter, whereupon plaintiff caused the boat to be removed. Plaintiff asked to recover the expenses of such removal and his damages. Upon demurrer to the complaint, *held*, that assuming said statutory provisions were not repealed by the amended charter of 1883 (Chap. 298, Laws of 1883), which in prescribing the powers to pass ordinances, omits all mention of the river opposite the city, the complaint failed to state a cause of action; that as no duty in reference to the matter was imposed upon the city by the statute, no liability existed: (1) As by the said charter of 1883 (§ 44, tit. 3) it is provided that the city shall not be liable for a failure to enforce any ordinance; (2) As the statutes prescribe that the city shall provide for the enforcement of its ordinances by fines and penalties, and so, that portion of said ordinance which authorized the sale of the vessel, or its loading, thus creating a forfeiture, was invalid.

Reported below, 57 Hun, 327.

(Argued February 9, 1892; decided March 8, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made July 7, 1890, which affirmed a judgment in favor of defendant entered upon a decision of the court on trial at Special Term.

The complaint alleges that the plaintiff was the owner of a dock upon the Hudson river, within the city of Albany, adapted to and valuable for the lading, unlading and storage of merchandise from vessels; that on the 26th day of September, 1888, a canal boat loaded with iron, while navigating the river, sunk at the said dock, and thereby obstructed its use to the plaintiff's damage; that the defendant assumed the duty of keeping the river free from obstructions by section 10, chapter 42 of the ordinances of the city of Albany, which reads as follows:

" Whenever any vessel, loaded or empty, shall, by accident or otherwise, be sunk at any dock, wharf or slip, or anywhere in the Hudson river opposite to the city of Albany, and within

jurisdiction thereof, it shall be the duty of the street commissioner, under the direction of the Mayor, to give notice to the owner, proprietor or other person sailing such vessel, to remove the same within twenty-four hours, and in case the owner or proprietor is unknown, and there is no one that sails the same, to give notice in one of the newspapers printed in the city of Albany at least one week, directing the removal of such vessel as aforesaid ; and if the said notice is not complied with, then it shall be lawful for the street commissioner to take possession of such vessel, craft, boat or flat, and to remove the same, and at public auction to sell such vessel, or so much of the loading thereof as will pay the expenses of such removal."

That on the 28th and 29th days of September, 1888, written notices of such facts, stating the name and owner of the boat, and requesting the removal of the same, were served upon the street commissioner and the mayor, a copy of which notice is annexed to the complaint. That on the 29th day of September, 1888, the mayor gave the street commissioner written directions to remove said boat; that said street commissioner took the preliminary steps as provided by the city ordinance, to accomplish that result, and notified the owner to remove the boat, but finally on or about the 26th day of October, 1888, declined to remove the same, or to do anything more towards that end ; that thereupon plaintiff employed the firm of Payne & Co. to remove the said boat, and paid them for the work $314.79, besides having suffered other damage to the amount of $1,000 by reason of said sunken boat not being removed by said street commissioner within a reasonable time.

By reason of said facts plaintiff asks for judgment against the city of Albany for $1,414.79. The defendant demurred upon the ground that the facts stated did not constitute a cause of action.

*Walter E. Ward* for appellant. The sunken boat was a public nuisance. (Angell on Water Courses [7th ed.] 730, 722, §§ 554, 555 ; *Knox* v. *Chalmer*, 42 Me. 150 ; *N. P. R.*

*Co.* v. *Elmer*, 9 N. J. Eq. 754; *State of Pennsylvania* v. *W. B. Co.*, 13 How. [U. S.] 518.) Plaintiff having suffered a special injury, he has a private right of action for damages. (*Brayton* v. *Fall River*, 113 Mass. 218, 227, 228; *Haskell* v. *City of New Bedford*, 108 id. 216; Angell on Water Courses, § 567; Gould on Waters, §§ 122–125; *Frinke* v. *Lawrence*, 20 Conn. 117; *Walker* v. *Sheppardson*, 2 Wis. 384; *Stetson* v. *Faxon*, 19 Pick. 147; *Emery* v. *Lowell*, 109 Mass. 197, 201; *Blanc* v. *Klumpke*, 29 Cal. 156.) It was not only the right, but the duty of the city of Albany to keep the river within its jurisdiction free from obstructions. (Laws of 1801, chap. 153, § 19; Laws of 1826, chap. 185, § 15; Laws of 1842, chap. 275, § 29; *Hart* v. *Mayor, etc.*, 9 Wend. 571, 586; *People* v. *Corporation of Albany*, 11 id. 593; *Winpinny* v. *City of Philadelphia*, 65 Penn. St. 135; *Cain* v. *City of Syracuse*, 95 N. Y. 83, 87; *People* v. *Supervisors*, 51 id. 401, 407; *Pittsburgh* v. *Grier*, 22 Penn. St. 54; *City of Tullahassee* v. *Fortune*, 3 Fla. 319; *Cooper* v. *Alden*, Harr. Ch. 86.) The city accepted the responsibility imposed upon it by these acts and was bound to remove the canal boat in question. (Laws of 1883, chap. 298; *Sleight* v. *City of Kingston*, 11 Hun, 594; *Haskell* v. *City of New Bedford*, 108 Mass. 216; *Franklin Wharf* v. *City of Portland*, 67 Me. 46, 55; *Boston R. M.* v. *City of Cambridge*, 117 Mass. 896; *Emery* v. *City of Lowell*, 109 id. 197; *O'Marra* v. *R. R. Co.*, 38 N. Y. 445; *Brown* v. *C. R. R. Co.*, 80 Mo. 467.) The corporation is liable for the neglect of the street commissioner to remove the obstruction. (*Weed* v. *Vil. of Ballston Spa*, 76 N. Y. 329.) It is not necessary for plaintiff to plead or prove that defendant had the necessary funds. (*Weed* v. *Vil. of Ballston Spa*, 76 N. Y. 335, 336; *Hines* v. *City of Lockport*, 50 id. 238, 239.)

*John A. Delehanty* for respondent. The question to be determined is, does the complaint allege facts which, if proved in-evidence or admitted, will entitle the plaintiff to judgment? If one or more such allegations of fact are wanting the defend-

ant may demur. (*People ex rel.* v. *Mayor, etc.,* 7 How. Pr.
81 ; *Harker* v. *Mayor, etc.,* 17 Wend. 200.) But assuming
that the ordinance was pleaded as required, yet the failure and
refusal of the officers mentioned to remove the sunken boat,
as alleged in the complaint, would not render the defendant
liable. (*The King* v. *Bailiffs, etc.,* 4 B. & A. 272.) If the
ordinance was sufficiently pleaded and imposed an absolute
duty, the city would not then be liable, as that portion of the
ordinance which it is claimed the defendant refused to enforce
is void. (*Hart* v. *Mayor, etc.,* 9 Wend. 572 ; Laws of 1801,
chap. 153 ; 17 Wend. 586 ; Laws of 1883, chap. 298, § 42 ;
*Seaman* v. *Mayor, etc.,* 80 N. Y. 239.) Neither does the
power conferred by the charter (§ 14, subd. 27, tit. 3, chap.
298, Laws of 1883), that is, to make ordinances "in relation
to the construction, repairs, care and use of the markets, docks,
wharves, piers, slips and squares of the city," nor do the
ordinances passed in pursuance thereof render the city liable.
(*Hart* v. *Mayor, etc.,* 9 Wend. 569 ; *People* v. *Corporation
of Albany,* 11 id. 540 ; *Stilwell* v. *Mayor, etc.,* 17 J. & S.
360 ; *Winpenny* v. *Philadelphia,* 65 Penn. St. 140.) No
liability can be based either upon the statute permitting the
passage of ordinances regulating docks, etc., or upon the
failure to enforce the ordinance passed pursuant thereto.
(Laws of 1883, chap. 298, § 44.) While the boundaries of the
city of Albany extend to the center of the river, and the
river is a highway, the city has not the same control over, nor
is it subject to the same duties in regard to it as in regard to a
city street or highway. (*Seaman* v. *Mayor, etc.,* 80 N. Y.
239.) The plaintiff himself must keep the dock and the
approaches thereto in repair. (*Leary* v. *Woodruff,* 4 Hun,
99 ; *Carleton* v. *F. I. & S. Co.,* 99 Mass. 216 ; *Newall* v.
*Bartlett,* 114 N. Y. 403.)

PARKER, J. The defendant did not own, nor did it sink
the boat. It neither caused, nor in any wise contributed
towards the creation of the nuisance, therefore, *Brayton* v.
*City of Fall River* (113 Mass. 218) ; *Haskell* v. *City of New*

*Bedford* (108 id. 216); *Boston R. Mills* v. *City of Cambridge* (117 id. 896); *Franklin Wharf Co.* v. *City of Portland* (67 Maine, 46); and *Sleight* v. *City of Kingston* (11 Hun, 594), cited by the appellant, are not in point.

The liability if any, must be founded on a duty to keep the navigable waters of the Hudson within the city limits free from obstruction.

The obligation to keep streets and highways in a safe condition for public use, cannot be invoked against the defendant here for while the river is a highway, for the passage of vessels, that portion of it which happens to be embraced within the boundaries of a city is not one of its highways, so as to burden it with the duty of removing obstructions and keeping it safe for navigation. (*Seaman* v. *Mayor, etc.*, 80 N. Y. 239.)

The river being a highway for state, interstate, and foreign commerce is subject to regulation by congress, but the state because of its great interest in the continuing availability of navigable waters within its borders for vessels, may properly assume to remove such obstacles as may from time to time prove a menace to successful navigation, provided always that it does not impair freedom of navigation under the acts of congress, or interfere with any system of improvement provided by the general government.

But while the general government, together with the aid of the state government, may and generally does provide for the removal of obstacles, which are a hindrance to navigation, and the doing of other necessary things for the encouragement and protection of commerce; and performance in that respect is regarded as a duty, still it is not one that the individual may enforce. Judge AGNEW in the *Winpenny* case said "it is not a duty of perfect obligation, but one of voluntary assumption or imperfect obligation; in as much as it cannot be enforced against the will of the state."

The state may not only undertake at its expense to remove obstructions in, and generally improve the condition of navigable waters, but in its discretion it may place the burden of performance on a city or county more immediately and bene-

ficially interested than other portions of the state. . (*County of Mobile* v. *Kimball*, 102 U. S. 691.)

It seems to be clear, however, that in order to charge a municipality with the duty and burden of improvements primarily existing in the general and state governments, which they can perform or not as the wisdom of congress or the legislature may suggest, a determination which could not be directed or interfered with by the courts at the instance of a complaining party; that it must appear from the act alleged to contain the requirements, that it was the intention of the legislature to place upon the municipality the burden of doing all that the state should have done, and more than it could be required to do.

As we read the decision in the *Winpenny* case cited by the appellant, it is in no wise opposed to the views so far expressed. In that case the statute provided that the city should "keep the navigable waters within said city open and free from obstructions," and the court held that the duty being express the consequences of a failure to perform rested on the city. (*Winpenny* v. *City of Philadelphia*, 65 Pa. St. 135–140.)

If the statutes of this state laid on the city of Albany a command in the same terms as to the navigable waters within its boundaries, we should not hesitate to follow the decision in a case founded on neglect of performance resulting in injury. But quite another question would be presented if the attempt were to recover (as here in some part) for expenses incurred by the plaintiff in doing that which he alleges the city should have done.

The plaintiff decided that the city owed to the public in general, and himself in particular, the duty of removing the sunken boat, and he assumed to perform the obligation which he claimed belonged to the city and should have been exercised through its officers, and now asserts its liability to respond to him for the expense incurred.

But we need not consider this question, as we have determined to place our decision on other grounds.

It is not contended that the state expressly charged the city

of Albany with the responsibility of keeping the river free from obstructions, but that it conferred on the common council power of local legislation, to be exercised by the establishment of general rules and regulations under which such purpose could be accomplished, and having accepted charter powers from the state, of which these formed a part, the city became liable in consideration of the grant for the due exercise of the powers conferred and a proper performance of the duties imposed.

Reference is made to section 19, chapter 153, Laws of 1801, which provides "that it shall be lawful for the said mayor and commonalty to make by-laws and inflict reasonable penalties, to enforce the same for regulating and keeping in repair the docks and slips within the said city, and to prevent the same, and the river opposite thereto, from being in any manner obstructed." Also to Laws of 1826, chapter 185, section 15, which declares "that the said common council are hereby constituted and declared commissioners of highways in and for the said city, and shall and may from time to time pass ordinances * * * to abate or remove any nuisances in any street or wharf, * * * to regulate, keep in repair, and alter the streets, highways, bridges, wharves and slips, * * * to prevent all obstructions in the river near or opposite to such wharves, docks or slips."

It may be observed in this connection that the charter of Albany was amended by chapter 298, Laws of 1883, and the power to enact ordinances on the subjects now being considered was limited "to the construction, repair, care and use of the markets, docks, wharves, piers, slips and squares of the city," no mention being made of "the river opposite thereto," as in the acts of 1801–1826, and it is insisted that those acts in respect to such provision are repealed by implication.

Assuming, but not deciding, that such contention is not well founded, we come to the fact that the common council did provide by ordinance that if a vessel be sunk at any dock, wharf or slip, or anywhere in the Hudson river opposite the city of Albany, and within jurisdiction thereof, that a notice

should be given to the owner or proprietor to remove it, and in the event of his failure to do so, "then it shall be lawful for the street commissioner to take possession of such craft, boat or flat, and to remove the same, and at public auction to sell such vessel, or so much of the loading thereof as will pay the expenses of such removal."

For failure to enforce this ordinance relating to matters which the city was not commanded by the legislature to do or perform, and in respect to which, in the absence of command, it owed no duty, no liability exists.

1. Because there being no liability in respect to the subject-matter in question, the statute exempts it from liability for the mere non-enforcement of the ordinances.

Section 44 of title 3 of its charter (Chap. 298, Laws 1883) provides: "Nothing contained in this act shall be so construed as to render the city of Albany, or any of its officers, liable in damages or otherwise to any person, or persons or corporations, for any omission to pass any ordinance, regulation or resolution pursuant to the provisions hereof, *or for a failure to enforce the same.*" In the absence of a statutory provision this rule has been enforced by the courts. (*Stilwell* v. *Mayor, etc.,* 17 J. & S. 360 ; 96 N. Y. 649 ; *Hines* v. *City of Charlotte,* 40 N. W. Rep. 335 ; *Wheeler* v. *City of Plymouth,* 18 N. E. Rep. 532 ; 2 Dillon M. C. § 950.)

2. So much of the ordinance as provides that the street commissioner might sell the vessel, or the loading thereof to pay the expenses of removal, was invalid, because the ordinance created a forfeiture in the face of the statute prescribing that the city should provide for the enforcement of ordinances by fines and penalties in an amount not exceeding that named in the act. (*Hart* v. *Mayor of Albany,* 9 Wend. 570–589.)

The judgment should be affirmed.

All concur, except LANDON, J., not sitting.

Judgment affirmed.