Argued April 8, reversed May 19, 1914.

## HOSFORD TRANSP. CO. *v.* PORTLAND.*

(141 Pac. 1016.)

**Municipal Corporations—Torts—Acts of Independent Contractors.**

1. A municipality can avoid liability for negligence of an independent contractor in the construction of a public work unless the matter involved is one of positive duty to an individual and in its nature nondelegable, or the work is intrinsically dangerous or liable to create a nuisance, in which case it is liable, and the duty cannot be evaded or cast upon others.

> [As to liability of municipal corporation as affected by the employment of a contractor, see note in 74 Am. Dec. 761.]

**Municipal Corporations—Obstruction of Watercourse—Liability of Municipality.**

2. A municipal corporation is under no obligation to keep a navigable river within its territory free from obstructions.

> [As to remedies for obstruction of navigable waters, see note in 57 Am. St. Rep. 693.]

**Municipal Corporations—Torts—Acts of Independent Contractors.**

3. Where a bridge across a navigable river within the limits of a municipality was removed and a new one constructed by independ-

---

*On the question of the liability of a municipality for acts of independent contractor, see note in 14 L. R. A. 833. And as to liability for condition of highway due to acts of independent contractor, see note in 66 L. R. A. 126.

The question of the liability for obstructing or destroying rights of navigation is discussed in a note in 59 L. R. A. 78.

REPORTER.

ent contractors, under permission from the War Department to the city, a positive duty was placed upon the city to keep the river free from obstructions in the performance of the work, which duty could not be delegated to the independent contractors.

From Multnomah: GEORGE N. DAVIS, Judge.

Department 2.   Statement by MR. JUSTICE EAKIN.

This is an action by the Hosford Transportation Company against the City of Portland.   The facts are as follows:

The City of Portland, on the 28th day of June, 1909, contracted with Robert Wakefield for the removal of the Madison Street Bridge over the Willamette River in Portland as preliminary to the construction upon the same site of a new bridge to be known as Hawthorne Avenue Bridge, to clear the river of all obstructions to navigation as specified in the contract, and to construct the piers for the new bridge, protections and other things as specified in the contract within a given time.   On the same day it contracted with the United Engineering & Construction Company to furnish the material and construct the new bridge fully finished and completed by a certain date.   The work in both contracts was to be performed in accordance with the plans and specifications set out in the contract.   During the progress of the work a piling beneath the superstructure about 20 feet west of pier No. 4 was left standing in the bed of the stream with the top cut or broken off, and invisible above the water, being unmarked or unguarded.   On about March 27, 1911, plaintiff's tug "Rowena," while navigating the river, struck said submerged piling, and sustained damage to the amount of $219.95, which amount plaintiff sues to recover from the city.   The cause was tried before the court without the intervention of a jury.   Findings were made to the effect that the city was not liable, and

judgment was rendered dismissing the action.   Plaintiff appeals.                        Reversed and Remanded.

For appellant there was a brief and an oral argument by *Mr. Robert C. Wright.*

For respondent there was a brief over the names of *Mr. H. M. Tomlinson, Mr. Walter P. La Roche* and *Mr. John F. Cahalin,* with an oral argument by *Mr. Tomlinson.*

Mr. Justice Eakin delivered the opinion of the court.

1, 2. The assignments of error relate to the rulings upon the admission of evidence and to the findings of the court, namely, the court admitted in evidence defendant's Exhibits A, B, C, and D, which were the contracts between the city and the contractors, and letters from Major McIndoe, of the United States corps of engineers, relating to the completion of the bridge and removal of all obstructions from the river; plaintiff contending that the city could not shift its responsibility for obstructions placed in the river in removing the old bridge or building the new one and its liability to maintain the river free from obstructions to navigation, and for that reason insisting that the contracts for the removal of the old bridge or for the construction of the new one were wholly immaterial and incompetent. He contends that by the charter of the city it is made its duty to construct the new bridge, and that it cannot delegate that duty.   It is not contended that a duty is imposed upon the city, either by the charter or by statute, to keep the river free from obstructions.   Of course, if the city should place an obstruction in the river, it would be liable for the consequences, but beyond that no duty is imposed upon it.   A municipality

can avoid liability for the negligence of an independent contractor in the construction of a public work, unless the matter involved is one of positive duty to an individual and in its nature nondelegable, or unless the work is intrinsically dangerous or liable to create a nuisance: *Fields* v. *Johnston City,* 143 Ill. App. 485. But it is liable for the performance of a corporate duty expressly imposed upon it. In such a case the duty cannot be evaded or cast upon others: 2 Dillon, Municipal Corporations (4 ed.), § 1027. It is under no obligation to keep a navigable river within its territory free from obstructions. It may have the privilege to do so, but unless the duty is a mandatory one, it is not liable for failure to perform it: *Coonley* v. *Albany,* 132 N. Y. 145 (30 N. E. 382); *Maryland* v. *Miller* (D. C.), 180 Fed. 807. For a mandatory duty it is liable and cannot shift the responsibility therefor: 6 Current Law, 736; 8 Current Law, 1078; *Faust* v. *City of Cleveland,* 121 Fed. 810 (58 C. C. A. 194).

3. In this case there was a mandatory duty as to obstructions placed in the river in the construction of the bridge, and, if the construction company assumed the responsibility by its contract, the city would not thereby be relieved though it might have an action against it: 2 Dillon, Municipal Corporations, *supra.* On comparing the briefs of the plaintiff and defendant we find very little conflict between them; the one question being whether it was the mandatory duty of the defendant to see that the river was free from the submerged piling. It was left in the river by the carelessness of someone, but the city could not avoid liability therefor. Plaintiff's contention is not that the state or government has imposed upon the city generally the mandatory duty to keep the river free from obstructions, but that when the city obtained permission to

remove the Madison Street Bridge and construct the Hawthorne Avenue Bridge on the same site a mandatory duty was imposed on the city by the Secretary of War to remove all piling driven as falsework during the construction, and to take away all parts of old piers to the level of the bottom of the river. Plaintiff insists that thus it was the mandatory duty of the city to remove all obstructions to navigation, and that such was a duty that the city could not evade or cast upon others. When the city obtained permission from the War Department to remove the Madison Street Bridge and build the new one, the permission was granted upon condition that all parts of the old draw pier and rests should be removed to a depth of 30 feet, under the conditions specified, and all piling driven as falsework during construction, and all parts of old piers should be removed to the level of the bottom of the river. The city's attention was called by the United States' engineer to obstructions in the river, namely, that the old pier was not removed to the level of the bottom of the river, who requested that all piling used for falsework be removed. On August 2, 1911, the city's attention was called to the fact that no report had been received by the government engineer that this had been done, and on October 23, 1911, stated that he had been advised by the city that all falsework had been removed, so reporting to the department. The approval by the government of the completion of the work was obtained upon the erroneous report of the city that all falsework had been removed. Although the government engineer had the work inspected by his assistant, yet the fact that the piling complained of remained was at defendant's risk. The government engineer ignored the contractors, and dealt directly with the city. By the city's letter of August 7, 1911, it secured this approval from the de-

partment. The duty to keep the river free from obstructions occasioned by the removal of the old bridge or the construction of the new one was a mandatory duty imposed upon the city. The trial court erred in finding that the plaintiff was not under obligation to maintain the river free from obstructions caused by the removal of the old bridge or the construction of the new, and in holding that the city could delegate its duty as to such obstructions, and in its conclusion of law that the defendant was not liable to the plaintiff for the damages sustained.

The decree of the lower court is reversed, and the cause remanded for such further proceedings as may seem proper.                    REVERSED AND REMANDED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE BEAN and MR. JUSTICE McNARY concur.