WILLIAM MERUK et al., Respondents, *v.* THE CITY OF
NEW YORK, Appellant.

**New York (city of) — notice of claims against city for damages
or injuries to real property — effect of statute (L. 1912, ch.
452) amending section 261 of Greater New York charter —
sufficiency of allegations and evidence that damages to real
property were caused by negligent construction of a sewer —
sufficiency of notice of claim as to property injured and
character and amount of damages — when part of claim
barred by chapter 452 of Laws of 1912.**

This action was brought to recover damages to real property evi-
denced and measured by loss of rents resulting from the repeated
flooding of such premises by the overflow from a sewer alleged to have
been improperly and negligently constructed by the defendant. The
provisions of the charter of the defendant upon which the defense is
based are found in section 261, which, as amended by chapter 452
of the Laws of 1912, provides in substance that in the case of claims
against the city accruing after the passage of the act for damages to
*real* or personal property alleged to have been sustained by negli-
gence or maintenance of a nuisance by the city, no action shall
be maintained against it unless commenced within one year nor
unless notice of intention to commence the action shall have been
served on the comptroller within six months after the injury, such
notice to contain the specific facts thereby required. The amend-
ment made by the act of 1912 consisted in making said section
applicable to claims for damages or injuries to *real* property which
theretofore had not been included. *Held, first,* that plaintiffs, by
their notice of claim, by the allegations of their complaint and by
their evidence upon the trial, have specifically and distinctly alleged
negligence upon the part of the defendant and have sustained such
allegations by proof of improper construction of the sewer. *Second,*
the notice of claim which was served was sufficient. It fairly apprised
the defendant that the demand was for damages to a specified piece
of real estate caused by the overflow from a negligently constructed
sewer, fully identified, and which damages consisted in and were
shown by the loss of rental value at a specified amount per month
during a given period less a small amount of rents collected. *Third,*
the claim made by defendant that the limitations contained in said
section bar the recovery by plaintiffs of damages for part of the

period covered by the judgment is well founded, and plaintiffs are limited after the amendment of 1912 became effective to damages caused by overflows of their premises within six months preceding the date of filing notice of claim, there being no question made as to the right to recover for damages sustained before that amendment became effective.

Meruk v. City of New York, 177 App. Div. 900, modified.

(Argued March 11, 1918; decided April 23, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 23, 1917, affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

William P. Burr, Corporation Counsel (William B. Carswell of counsel), for appellant. The trial court erred in directing a verdict. Plaintiffs failed to establish their allegation that a verified statement complying with the statutory requirements had been filed with the comptroller and that the comptroller had neglected or refused to adjust or settle the claim. This allegation and its proof are essential to a recovery. (Weisman v. City of New York, 219 N. Y. 178; Casey v. City of New York, 217 N. Y. 192; Purdy v. City of New York, 193 N. Y. 521; Learned v. Mayor, etc., 21 Misc. Rep. 601; Rauber v. Vil. of Wellsville, 83 App. Div. 581; Bernreither v. City of New York, 123 App. Div. 291; Reed v. State, 108 N. Y. 407; Baldwin v. Calkins, 10 Wend. 169; Silsby Manfg. Co. v. State, 104 N. Y. 562; Uline v. N. Y. Central R. R. Co., 101 N. Y. 98.)

Benjamin Reass, Hugo Hirsh, Emanuel Newman and Max Leff for respondents. Plaintiffs are entitled to the complete recovery. (Mairs v. M. R. E. Assn., 89 N. Y. 498; Byrnes v. City of Cohoes, 67 N. Y. 204; Jutte v. Hughes, 67 N. Y. 267; Hay v. Cohoes Company, 2

N. Y. 159; *Sullivan* v. *Dunham*, 161 N. Y. 290; *Wheeler* v. *Norton*, 92 App. Div. 368: *May* v. *N. Y. Edison Co.*, 161 N. Y. Supp. 886.)

HISCOCK, Ch. J. This action was brought to recover damages to real property evidenced and measured by loss of rents during the period January 19, 1911, to September 30, 1914, resulting from the repeated flooding of such premises by the overflow from a sewer alleged to have been improperly and negligently constructed by the defendant. While a verdict in plaintiffs' behalf was directed by the court for damages as claimed, this was done upon a motion made by each side for a directed verdict and, therefore, the action of the trial court, if sustained by evidence, is conclusive upon us in respect of any questions of fact. It is not disputed upon this argument that there was evidence tending to sustain the plaintiffs' claim that a certain sewer was of negligent and improper construction wherefrom resulted the overflow of plaintiffs' premises and the loss of rents and, therefore, we are not called upon to consider those questions.

The claims which defendant does make, impugning the correctness of the judgment rendered against it, are, *first*, that no sufficient notice of claim was filed by the plaintiffs as required by defendant's charter, and *second*, that part of the claim for which recovery has been allowed was barred by the Statute of Limitations contained in the charter.

The provisions of the charter upon which these assertions are based are found in section 261, which, as amended by chapter 452 of the Laws of 1912, provides that " in the case of claims against said city, accruing after the passage of this act, for damages for injuries to *real* or personal property, * * * alleged to have been sustained by reason of the negligence of, or by the creation or maintenance of a nuisance by, said

city, * * * no action thereon shall be maintained against said city unless such action shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of the intention to commence such action and of the time when and place where the damages were incurred or sustained, together with a verified statement showing in detail the property alleged to have been damaged or destroyed, and the value thereof, shall have been filed with the comptroller of said city within six months after such cause of action shall have accrued." The amendment made by said act of 1912 consisted in making said section applicable to claims for damages for injuries to real property which theretofore had not been included.

The introductory question presented by defendant's contentions is the one whether this action is one in negligence or for the maintenance of a nuisance, because the application of said section is limited to actions of that character. We think that it is such an action notwithstanding plaintiffs' claim to the contrary and insistence that it is one of trespass. Without attempting to decide whether plaintiffs might have maintained an action in the nature of trespass for the overflow of their lands by sewage from defendant's sewer, it is sufficient to say that by their notice of claim, by the allegations of their complaint and by their evidence upon the trial they have specifically and distinctly alleged negligence upon the part of the appellant and have sustained such allegations by proof of improper construction of the sewer. They have thus adopted the ordinary form of action employed in such cases although their situation would not be changed if they had alleged nuisance instead of negligence. (*Smith* v. *Mayor, etc., of N. Y.*, 66 N. Y. 295; *Seifert* v. *City of Brooklyn*, 101 N. Y. 136, 142; *Duryea* v. *Mayor, etc., of N. Y.*, 26 Hun, 120, 122.) Concluding, therefore, that plaintiffs' action is one of the

class specified in and governed by the section which has been quoted we reach the consideration of the arguments advanced by defendant for the reversal of the judgment.

We think that the first one that the notice of claim filed by the plaintiffs was insufficient, is not sustained. The alleged defect is that the notice did not show " in detail the property alleged to have been damaged or destroyed, and the value thereof." Without recapitulating all of the statements in the notice which lead us to that conclusion we think that it did fairly apprise the defendant that the demand was for damages to a specified piece of real estate caused by the overflow from a negligently constructed sewer, fully identified, and which damages consisted in and were shown by the loss of rental value at a specified amount per month during a given period less a small amount of rents collected. This gave the city all the information it needed or was reasonably entitled to under the statute.

But we think that the other claim made by defendant is well founded and that the limitations contained in said section bar the recovery by plaintiffs of damages for part of the period covered by the judgment. Inasmuch as the limitation having relation to the date when the notice of claim was served is the more beneficial to appellant, we shall discuss that.

That limitation in effect provides that no action shall be maintained unless notice of intention to commence such action shall have been filed within six months after the cause of action accrued. This notice of claim was filed October 31st, 1914, and, therefore, the limitation, if effective, confines plaintiffs' recovery to the causes of action accruing after April 30th, 1914, except that there is no denial of the right to recover for damages sustained before the amendment to the charter in 1912. Therefore, the question is, when does a cause of action arise for damages to rental value of real estate caused by a

flooding from a negligently constructed sewer, which is one of repeated floodings. Plaintiffs argue in a somewhat general fashion that their " cause of action was constantly accruing, and as long as the notice was filed within six months of any time of the continuance of the trespass, it was within the statute." We do not think that there is any such rule as this applicable to such a case as the present one, but that it is so abundantly and firmly established in this state as to obviate the necessity of any elaborate discussion that where a defendant unlawfully produces some condition which is not necessarily of a permanent character and which results in intermittent and recurring injuries to another, a separate and complete cause of action arises in favor of the latter every time he is injured as the result of the unlawful act. (*Reed* v. *State of N. Y.*, 108 N. Y. 407; *Duryea* v. *Mayor, etc., of N. Y.*, 26 Hun, 120; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98; *Silsby Mfg. Co.* v. *State of N. Y.*, 104 N. Y. 562; *Ottenot* v. *N. Y., Lackawanna & W. Ry. Co.*, 119 N. Y. 603; *Barrick* v. *Schifferdecker*, 123 N. Y. 52; *Schlitz Brewing Co.* v. *Compton*, 142 Ill. 511.)

This being so, plaintiffs are limited after the amendment of 1912 became effective to damages caused by overflows of their premises within six months preceding the date of filing notice of claim. Appellant admits that these amounted to $300 which is the total amount of rents claimed by plaintiffs to have been lost during that period and which added to damages accruing prior to the amendment of 1912 make aggregate damages of $1,489.06. Therefore, the judgment should be modified by deducting the sum of $1,636.50, with interest from May 24th, 1916, and as so modified should be affirmed, with costs to the appellant.

CHASE, HOGAN, CARDOZO, POUND, McLAUGHLIN and ANDREWS, JJ., concur.

Judgment accordingly.