HAROLD DORAN et al., Respondents, v TOWN OF CHEEKTOWAGA et al., Defendants, and COUNTY OF ERIE, Appellant.

Fourth Department, November 5, 1976

James L. Magavern, County Attorney (William G. Hamilton, Jr., of counsel), for appellant.

Falk, Siemer, Glick, Tuppen & Maloney (Edwin H. Wolf of counsel), for respondents.

MARSH, P. J. Defendant County of Erie appeals from an order which denied its motion to dismiss plaintiffs-respondents' complaint. The county contends that the cause of action cannot be maintained because of plaintiffs' failure to serve their notices of claim within 90 days from the date of accrual of their claim.

Plaintiffs allege in their complaint that they are owners of real property in the Town of Cheektowaga which has been rendered unusable because of flooded conditions which exist on the property from time to time. They allege that defendants Town of Cheektowaga and County of Erie are the major contributors to the flooded conditions by virtue of the fact that they discharge surface water collected from a number of streets in the Town of Cheektowaga onto plaintiffs' property. The water is allegedly discharged through three pipes which lie under and terminate on plaintiffs' property.

Plaintiffs allege that they became owners of the property by virtue of a warranty deed recorded on December 19, 1973 and that the nature of all the circumstances regarding the sources of the discharge and causes of water on the property were not fully known to them until on or about December 1, 1974. They further allege that on February 14, 1975, and within 90 days after the claim arose, notices of claim were served on the Cheektowaga Town Clerk and the Erie County Attorney. They assert that the damages to the property are of a continuing nature and include interest, taxes and other carrying charges paid on the property rendered unusable because of the flooded conditions which have existed from time to time since plaintiffs became the owners thereof.

They seek an injunction against the town and county, preventing them from discharging water onto their property, and damages against them jointly and severally in the amount of $2,000,000.

At the time the county's motion was heard, the Town of Cheektowaga moved to join orally in the County of Erie's motion to dismiss and such motion was granted.

The county asserts that section 50-e of the General Municipal Law requires that a notice of claim against a municipality be given within 90 days after the claim arises and that since plaintiffs allege that they have suffered damages since the time they became owners of the subject property, service of the notices of claim on February 14, 1975 took place more

than 90 days after December 19, 1973, the date on which the claim accrued.

Section 52 of the County Law provides: "1. Any *claim* or notice of claim against a county for *damage,* injury or death, or for invasion of personal or property rights, of every name and nature, and *whether casual or continuing trespass or nuisance* and any other claim for damages arising at law or in equity, alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of the county, its officers, agents, servants or employees, must be made and served in compliance with section fifty-e of the general municipal law. Every action upon such claim shall be commenced pursuant to the provisions of section fifty-i of the general municipal law." (Emphasis added.)

Subdivision 1 of section 50-e of the General Municipal Law states: "In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding against a public corporation, as defined in the public corporation law, or any officer, appointee or employee thereof, the notice shall comply with the provisions of this section and it shall be given within ninety days after the claim arises."

In *Thomann v City of Rochester* (256 NY 165) plaintiff sought an injunction and damages against the City of Rochester for operating a dump near his property. After four years of inactivity following establishment of the dump, plaintiff filed his notice of claim against the city. While the defendant acquiesced in the award of an injunction, the appeal was instituted by the plaintiff when the trial court curtailed his damages to those losses resulting no further back than 30 days before he filed his notice of claim.

Thomann contended that under the holding of the Court of Appeals in *Sammons v City of Gloversville* (175 NY 346), he should be able to recover all of his accumulated losses. The holding in *Sammons* had essentially been that compliance with the notice of claim requirements was not necessary where the action was brought in equity to restrain a continuing act and where a demand for money damages was merely incidental to the requested injunctive relief.

Nevertheless, the court distinguished the *Sammons* case from *Thomann,* observing that, unlike section 67 of the Town

Law interpreted in *Sammons,* the Rochester City Charter was "almost as comprehensive as words could make it * * * [so that] the notice of claim must be presented whether the wrong be intermittent or continuing, and whether the remedy invoked be at law or in equity." (256 NY, at pp 168-169). Even though the court found that Thomann was required to serve a notice of claim, it noted that the wrong was a continuing one, with damages steadily recurring. Therefore, so long as the wrong continued within the period of prescription, "[Thomann] did not lose the right to some measure of relief by failing to give notice within the term of thirty days. What he lost was the right to include in the relief an award of damages antedating by more than thirty days the presentation of the notice in the statutory form" (256 NY, at p 170).

Applying the rule in *Thomann,* as we must, service of the notice of claim within 90 days of the accrual of plaintiffs' cause of action is required even though the primary relief sought is equitable and plaintiffs' damages must be limited to those occurring within the 90-day period before service of the notice of claim. This court has had occasion to observe in *Grant v Town of Kirkland* (10 AD2d 474) that section 52 of the County Law is similar in breadth to the Rochester City Charter construed in the *Thomann* case.

Although the facts of the present case differ from the facts of *Thomann* to the extent that the trespass (flooding) is better characterized as recurring and intermittent than as continuous (as was the maintenance of the dump in *Thomann),* this distinction will affect only the question of the time of accrual of the cause of action. In its decision in *Meruk v City of New York* (223 NY 271), the Court of Appeals discussed the intermittent trespass.

*Meruk* involved an action to recover damages to real property resulting from repeated flooding of the plaintiff's premises by overflow from a city sewer which plaintiff alleged had been negligently constructed. In rejecting plaintiff's argument that his cause of action was constantly accruing, the Court of Appeals stated: "[W]here a defendant unlawfully produces some condition which is not necessarily of a permanent character and which results in intermittent and recurring injuries to another, *a separate and complete cause of action arises in favor of the latter every time he is injured as the result of the unlawful act."* (233 NY, at p 276; emphasis added.)

In so holding, the court limited plaintiff's recovery to those

damages caused by overflows of their premises within the six months preceding the date of filing notice of claim.

Plaintiffs, therefore, would be required to file a notice of claim within 90 days of an instance of flooding and would be limited to damages caused by the flooding within the 90-day period preceding the date of filing the notice of claim *(Meruk v City of New York, supra; Thomann v City of Rochester,* 256 NY 165, *supra).*

Moreover, where compliance with section 50-e of the General Municipal Law is required, it is a condition precedent to bringing the action and compliance must be alleged in the complaint. The present complaint fails to allege facts which would show compliance since it fails to allege service of the notice of claim within 90 days from the date on which the claim against the county had arisen.

Plaintiffs' complaint alleges that a notice of claim was served within 90 days of the date on which they *discovered* that the county was the source of the discharge of water on their property. It does not allege, however, that the notice of claim was served within 90 days of a flooded condition on their property as required by the holdings in the *Thomann* and *Meruk* cases. Under subdivision 6 of section 50-e of the General Municipal Law such an omission may be corrected or supplied in the discretion of the court if it appears that the other party will not be prejudiced thereby.

The order appealed from should be reversed and plaintiffs' complaint aginst the County of Erie dismissed with leave to plaintiffs, upon correction of their notice of claim under subdivision 6 of section 50-e of the General Municipal Law, to replead within 30 days of entry of this order.

MOULE, SIMONS, GOLDMAN and WITMER, JJ., concur.

Order unanimously reversed without costs, motion granted and complaint dismissed with leave to plaintiffs to replead within 30 days from the date of the order entered herein.