■ In the Matter of RICHARD H. PHALER, Appellant, v JOHN T. HICKS et al., Constituting the Board of Supervisors of Ontario County, Respondents.—Judgment unanimously reversed, without costs, and petition reinstated in accordance with the following memorandum: Petitioner holds a permanent civil service appointment as a support investigator employed by Ontario County. In December, 1977 he was serving provisionally as a senior support investigator. At that time respondents consolidated the support enforcement functions of the Probation Department with those in the Social Services Department into a Support Collection Unit which employed a senior support investigator (petitioner), support investigators, support collectors and senior support collectors. Two new employees were hired as support collectors. Subsequent to their employment, petitioner's job as senior support investigator was abolished, effective March 10, 1978. He was placed upon a preferred list for the position of support investigator. Petitioner contends that he is qualified for the position of support collector and that respondents abolished his job and reclassified the duties and qualifications of those employed in the Support Collection Unit in bad faith to deprive him of employment. Pursuant to the provisions of subdivision 5 of section 80 of the Civil Service Law, he seeks to "bump" the two support collectors with less seniority and to recover back pay from March 10, 1978, the date that his employment terminated. Special Term did not consider the merits and dismissed the petition for failure to allege and comply with section 52 of the County Law. That section reads: "Presentation of claims for torts: commencement of actions. 1. Any claim or notice of claim against a county for damage, injury or death, or for invasion of personal or property rights, of every name and nature, and whether casual or continuing trespass or nuisance and any other claim for damages arising at law or in equity, alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of the county, its officers, agents, servants or employees, must be made and served in compliance with section fifty-e of the general municipal law. Every action upon such claim shall be commenced pursuant to the provisions of section fifty-i of the general municipal law." In dismissing the petition, the court relied upon our decision in *Matter of Lindsey v Board of Educ.* (64 AD2d 856), a similar proceeding by a teacher in which we interpreted section 3813 of the Education Law as requiring a prior notice of claim. The Education Law, however, contains far broader language than the County

Law. It applies to any "action or special proceeding, for any cause whatever, relating to district property or claim against the district, or involving [its] rights or interests". Notably, it applies to special proceedings and section 52 of the County Law does not. Without this specific prohibition, we think that the conduct of public officials may be reviewed by CPLR article 78 without the requirement of a prior notice of claim. We construe the County Law notice provision before us, therefore, to apply only to petitioner's claim for money damages (see *Meed v Nassau County Police Dept.,* 70 Misc 2d 274; and cf. *Boyle v Kelley,* 42 NY2d 88). With respect to petitioner's claim for money damages, his petition is sufficient to serve as a notice of claim (see General Municipal Law, § 50-i; see, also, *Kieninger v City of New York,* 53 AD2d 602; *Quintero v Long Is. R. R.,* 31 AD2d 844), but the claim is limited to the 90-day period preceding service of the petition (see *Malcuria v Town of Seneca,* 66 AD2d 421, 424; *Doran v Town of Cheektowaga,* 54 AD2d 178, 182). Insofar as the petition fails to allege compliance with section 52 of the County Law and section 50-i of the General Municipal Law, leave to amend is granted. (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Schnepp, Callahan and Doerr, JJ.