JEANETTE GOLDSTEIN, Respondent, v COUNTY OF MONROE et al., Appellants, et al., Defendants.

Fourth Department, November 13, 1980

### APPEARANCES OF COUNSEL

*John D. Doyle, County Attorney (Christine E. Burke* of counsel), for appellants.

*Faraci, Guadagnino, Lange & Johns (Joseph A. Regan* of counsel), for respondent.

### OPINION OF THE COURT

SCHNEPP, J.

Plaintiff is the owner of improved real property situate in the Town of Pittsford, Monroe County, to the rear of which is located a body of water known as Knowlton Creek. The creek flows in a westerly direction from the east side of East Avenue to the east branch of Allens Creek. Plaintiff's complaint alleges that the defendants increased the volume and rate of water entering Knowlton Creek which raised the water table on her property and resulted in water damage to her home in August, 1978. Defendants County of Monroe (County) and Irondequoit Bay Pure Waters District (Pure Waters) appeal from an order denying their motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 5, 7).

Although we reverse, we agree with Special Term's denial of the motion to dismiss based on plaintiff's failure to file a timely notice of claim within 90 days after either the alleged rise of the water table on her property or the discovery of earlier damage to her home (CPLR 3211, subd [a], par 5).

Plaintiff's complaint alleges a continuing wrong with recurring causes of action in negligence and nuisance and limits damages to those caused by the alleged unlawful acts sustained within 90 days preceding the date of filing of the notice of claim *(Thomann v City of Rochester,* 256 NY 165; *Meruk v City of New York,* 223 NY 271, 276; *Doran v Town of Cheektowaga,* 54 AD2d 178).

■■ On their motion to dismiss for failure to state a cause of action (CPLR 3211, subd [a], par 7), the County and Pure Waters submitted affidavits negating factual allegations in the complaint. Plaintiff served a reply affidavit to which exhibits were attached and the moving defendants answered with supplemental affidavits and exhibits. The record indicates that Special Term treated the motion as one for summary judgment with the implied knowledge and assent of the plaintiff who may not now assert that she failed to receive "adequate notice" of this treatment by the court (CPLR 3211, subd [c]). Plaintiff opposed the motion fully, taking issue with the factual material submitted by the defendants, and made an evidentiary showing on her own behalf, and does not claim that there are additional facts to be presented in her favor. The focus was not on whether the complaint stated a cause of action but on whether there was evidentiary support for the pleading, and the affidavits were received and considered only to determine whether summary judgment should be granted. Although the law is clear that affidavits received on an unconverted motion to dismiss are not to be examined to determine whether there is evidentiary support for the pleading, the court and the parties treated the motion as one for summary judgment and plaintiff used the opportunity to make an appropriate record (see *Guggenheimer v Ginzburg,* 43 NY2d 268; *Rovello v Orofino Realty Co.,* 40 NY2d 633). The court examined this record and denied the motion. In the order, apparently prepared and submitted by the plaintiff, the court specifically recited that questions of fact existed with respect to the issues raised upon the motion: findings necessarily connected with summary judgment (see *Monteferrante v New York City Fire Dept.,* 63 AD2d 576, affd 47 NY2d 737; *Wolcott v Broughton,* 57 AD2d 1022). Where there are sufficient indicia that a motion will be treated as one for summary judgment, a party may not be heard to claim that it did not have notice of the court's intention. The inquiry now is whether plaintiff has a cause of action rather than whether

she has properly stated one *(Kelly v Bank of Buffalo,* 32 AD2d 875). We hold that the County and Pure Waters cannot be held liable under the factual showing which has been made and their motion to dismiss the complaint should have been granted.

■ ■ Plaintiff, although recognizing the legal principles that a municipality cannot be held liable for defective planning, increase in surface waters and failure to clean creek and stream beds, claims that the County and Pure Waters, through their control over storm and sanitary sewers, caused surface waters from a large drainage area in the Town of Pittsford to be collected and artificially channeled into Knowlton Creek so as to deposit debris in the creek bed, raise the water level in the creek and the water table on her property, and cause damage to her home. In their moving affidavits, these defendants made uncontroverted allegations that the design, construction and maintenance of storm and sanitary sewers in the Town of Pittsford are predominately town functions. Pure Waters' extrinsic proof established that its only involvement relates to the Allens Creek sanitary sewer interceptor which is designed to pick up and transmit sewage from the local system to the treatment plant. The County established that due to the elevation points of the county storm sewers constructed along county highways waters collected by these sewers do not empty into but in fact flow away from the Knowlton Creek drainage area and that the County is not responsible for the drainage of any State road. Pure Waters' proof affirmatively demonstrated that its sanitary sewer interceptor which is located over one-half mile from plaintiff's property, does not carry storm drainage, did not alter existing storm water pipes in the Town of Pittsford, reroute them or force these sewer pipes to discharge their contents into the Knowlton Creek drainage area and that the portion of the interceptor sewer in the Town of Pittsford is inoperable.

■ It is clear that before liability can be imposed on a municipality performing a governmental function there must be an affirmative act which either causes or sets in motion a chain of events leading to the injury *(Schuster v City of New York,* 5 NY2d 75; *Dunham v Village of Canisteo,* 303 NY 498). Further, a municipal corporation is not liable for failure to restrain waters between banks of a creek or to keep a channel free from obstructions it did not cause *(O'Donnell v City of*

*Syracuse,* 184 NY 1; *Coonley v City of Albany,* 132 NY 145; *Seaman v Mayor, Aldermen & Commonalty of City of N. Y.,* 80 NY 239). A municipality, however, may be liable for damages where it "undertakes to control drainage and in doing so casts water on private lands * * * because an improper mode, means or method was employed in carrying the plan into execution" *(Office Park Corp. v County of Onondaga,* 64 AD2d 252, 258-259, affd 48 NY2d 765). Thus, these defendants may only be liable to plaintiff for their affirmative acts in collecting, channeling and casting water into the Knowlton Creek drainage area causing the water level of the creek to rise with resultant damage.

█ Scrutiny of the record impels the conclusion that the essential facts upon which plaintiff relies have been refuted beyond substantial question by the proofs submitted in respect of the duties and obligations of the moving defendants and the lack of fault on their part in causing waters in the drainage area to be collected and artificially channeled into Knowlton Creek. Indeed these defendants have demonstrated that they have performed no work whatever that would in any way contribute to the plaintiff's alleged damage and accordingly there can be no claim that their conduct was in any way negligent or that a nuisance existed because of their acts.

█ Because summary judgment is a drastic remedy, it should not be granted where there is any doubt as to the existence of a triable issue *(Rotuba Extruders v Ceppos,* 46 NY2d 223, 231; *Renda v Frazer,* 75 AD2d 490). When reviewing a motion for summary judgment the focus of the court's concern is issue finding, not issue determination, and the affidavits should be scrutinized carefully in the light most favorable to the party opposing the motion (see *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Renda v Frazer, supra).* Nevertheless, "where the moving party has demonstrated its entitlement to summary judgment, the party opposing the motion must demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure to do so" *(Zuckerman v City of New York,* 49 NY2d 557, 560; see, also, *Friends of Animals v Associated Furs Mfrs.,* 46 NY2d 1065, 1067-1068). "When evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the pleader to

be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, again dismissal should not eventuate" *(Guggenheimer v Ginzburg,* 43 NY2d 268, 275, *supra).*

◼ These defendants have tendered evidentiary proof establishing their defense "sufficiently to warrant the court as a matter of law in directing judgment" in their favor (CPLR 3212, subd [b]) and plaintiff has not shown "facts sufficient to require a trial of any issue of fact" (CPLR 3212, subd [b]). Although plaintiff may be permitted to demonstrate an acceptable excuse for her failure to produce such facts *(Friends of Animals v Associated Furs Mfrs.,* 46 NY2d 1065, 1067-1068, *supra),* the burden rests with her as the party opposing a motion for summary judgment to produce evidence of the existence of a triable issue and "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" *(Zuckerman v City of New York,* 49 NY2d 557, 562, *supra).*

Plaintiff claims that it has the right to depose appropriate county representatives to determine the effect of county storm sewers on the Knowlton Creek drainage area. Further, plaintiff claims that it would be premature to dismiss the cause of action against Pure Waters without a thorough examination of the function of the agency and its construction activities in the Town of Pittsford to the extent that they might have affected plaintiff's property based upon the admitted involvement of this agency in certain sewer construction in the Town of Pittsford. We disagree.

Plaintiff's claim that the County and Pure Waters caused water to find its way into this drainage area or divert waters to the creek as a result either of storm sewers or the sanitary sewer interceptor project is pure speculation and an unsubstantiated conclusion or an expression of hope of what an examination before trial may develop. Plaintiff has submitted no evidence as to the mode, means or method by which any channeling or diversion could have taken place in the face of the positive proof submitted by these defendants that they in no way contributed to the increased volume of water in Knowlton Creek. Plaintiff has submitted no proof contradicting these defendants' sworn testimony, and under these circumstances plaintiff should not be permitted to indulge in a fishing expedition and subject these defendants to the needless

expenditures of money and man-hours and protracted discovery proceedings (cf. *Torres v County of Erie,* 64 AD2d 1020).

Accordingly, the motion should be granted and the complaint dismissed against the County and Pure Waters.

CARDAMONE, J. P., HANCOCK, JR., CALLAHAN and MOULE, JJ., concur.

Order unanimously reversed, without costs, motion granted and complaint dismissed.