conflict existed between himself and the police chief, does not specify what the conflict was, stating instead only that it was for "reasons unknown to the petitioner." The sixth allegation, that the police chief did not personally counsel petitioner during his probationary term, also fails to specifically allege how this evidences a bad faith termination. While it is axiomatic that we must assume the truth of a petition's allegations (*Hondzinski v County of Erie,* 64 AD2d 864), mere conclusory allegations are not deemed to be true when examining the sufficiency of a petition against a motion to dismiss on an objection on a point of law. These allegations plead insufficient evidentiary facts or substantial circumstance to sufficiently state a cause of action (see *D'Aiuto v Department of Water Resources,* 51 AD2d 700; *Matter of Matsa v Wallach,* 42 AD2d 1004, affd 34 NY2d 891; *Matter of Pangburn v Plummer,* 36 AD2d 883). (Appeal from order of Supreme Court, Erie County, Joslin, J. — art 78.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.

■ EARL A. ROBINSON, Appellant, v STRONG MEMORIAL HOSPITAL et al., Respondents. (Appeal No. 1.) — Order unanimously reversed, with costs, and motion denied. Memorandum: Special Term erroneously granted defendants' motion for summary judgment dismissing plaintiff's complaint in this medical malpractice action. "When reviewing a motion for summary judgment the focus of the court's concern is issue finding, not issue determination, and the affidavits should be scrutinized carefully in the light most favorable to the party opposing the motion". (*Goldstein v County of Monroe,* 77 AD2d 232, 236; *Renda v Frazer,* 75 AD2d 490.) The affidavit of Dr. Sidney S. Weinstein submitted by plaintiff raises questions of fact as to whether defendants' treatment of plaintiff was in accordance with acceptable medical standards in the community. (Appeal from order of Supreme Court, Monroe County, Smith, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.

■ EARL A. ROBINSON, Appellant, v STRONG MEMORIAL HOSPITAL et al., Respondents. (Appeal No. 2.) — Appeal unanimously dismissed as moot. (Appeal from order of Supreme Court, Monroe County, Smith, J. — renew reargue.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.

■ CITY OF ROCHESTER, Respondent, v ANGELO CHIARELLA et al., Individually and on Behalf of Others Similarly Situated and Collectively on Behalf of All Payers of Real Property Taxes to the City of Rochester, for the Fiscal Years 1974-1975 through 1977-1978, Respondents, and STEPHEN J. SERCU et al., Appellants. (Appeal No. 2.) — Appeal unanimously dismissed, without costs (see *Matter of Reed,* 230 App Div 764; Siegel, NY Prac, § 532, p 740). (Appeal from order of Supreme Court, Monroe County, Contiguglia, J. — resettle order.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.

■ In the Matter of CITY OF ROCHESTER, Appellant, v DOROTHY R. LIVADAS, as Administratrix of the Estate of DENNIS J. LIVADAS, Deceased, Respondent. In the Matter of CITY OF ROCHESTER, Appellant, v DOROTHY R. LIVADAS, Individually and as Administratrix of the Estate of DENNIS J. LIVADAS, Deceased, et al., Respondents. — Order and judgment unanimously affirmed, with costs. Memorandum: The court properly determined fair market value "based on the value of the property as it would have been at the time of the *de jure* taking, but for the debilitating threat of condemnation [citations omitted]" (*City of Buffalo v Clement Co.,* 28 NY2d 241, 258, on app after remand 41 AD2d 41, 45-46; see, also, *Niagara Frontier Bldg. Corp. v State of New York,* 33 AD2d 130, 133, affd 28 NY2d 755; *City of Buffalo v Irish Paper Co.,* 31 AD2d 470, affd 26 NY2d 869). The court's adjustments to comparable sales submitted